USCA1 Opinion

 

 August 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1211 KEVIN RICUPERO, Plaintiff, Appellant, v. DAVID E. MANCINI, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Kevin Ricupero on brief pro se. ______________ Russell F. Hilliard, Beth George-Kane and Upton, Sanders & Smith ___________________ ________________ ______________________ on brief for appellees. ____________________ ____________________ Per Curiam. Plaintiff appeals the denial of leave __________ to amend his civil rights complaint. We affirm. The events leading to the denial of plaintiff's motion for leave to amend are, briefly, as follows. Plaintiff's complaint initially asserted claims under 42 U.S.C. 1983, and state law, against five defendants. After a screening by the magistrate revealed defects in the statement of some of the claims, plaintiff was afforded an opportunity to amend or face a dismissal of the defective claims. Plaintiff chose not to amend at that time, resulting in dismissal of the case against three of the defendants. The remaining two defendants were the Town of Bennington, New Hampshire, and David E. Mancini, the Town's Chief of Police. The federal claims against them fell into two groups. First, there were claims stemming from Chief Mancini's alleged failure to obtain a search warrant prior to conducting a search of plaintiff's property. Second, plaintiff claimed that Mancini, acting in the capacity of town prosecutor, wrongfully initiated and prosecuted certain misdemeanor charges against plaintiff. At a pretrial conference in July, 1993, defendants indicated that they expected to file a summary judgment motion on various grounds. The district judge set September 15, 1993 as the last date for the filing of a summary judgment motion, and December 15, 1993 as the closing date for discovery. Defendants filed their summary judgment motion, replete with affidavits and exhibits, on the scheduled date. Plaintiff offered voluminous materials in opposition, much of it irrelevant. Summary judgment was awarded to defendants on a showing that in fact Mancini had obtained a facially valid search warrant from a neutral and detached state judge prior to the challenged search. As to the second group of claims, Mancini was insulated from civil liability by the doctrine of absolute prosecutorial immunity, see Buckley v. Fitzsimmons, ___ _______ ___________ 113 S. Ct. 2606, 2615 (1993), and there were no facts showing that the Town had pursued an unlawful policy or practice causally related to any constitutional violation. The pendent state claims were simultaneously dismissed. Plaintiff does not here renew his challenge to the summary judgment. Plaintiff filed the subject motion to amend nine days after defendants filed their summary judgment motion. The amendment was apparently designed to avoid the thrust of defendants' summary judgment arguments. It added three new federal claims based on the new premise that even if there was a warrant for the search, the underlying affidavit was false and the warrant invalid. In addition, plaintiff -3- included constitutional challenges to the manner in which the search and arrest were effected. A decision to grant or deny a motion to amend is committed to the sound discretion of the trial court. Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, ________________ _______________________ 1108 (1st Cir. 1986). It will be disturbed only on a clear showing of abuse, meaning that "no sufficient justification appears." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d _______________ __________________ 49, 59 (1st Cir. 1990) (citing Foman v. Davis, 371 U.S. 178, _____ _____ 182 (1962)); accord Clair Recreation Ctr., Inc. v. Flynn, 897 ______ ___________________________ _____ F.2d 623, 625 (1st Cir. 1990); see also Colmenares, 807 F.2d ___ ____ __________ at 1108. While Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given when justice so requires," the court need not "grant every request to amend, come what may." Correa-Martinez, 903 F.2d at 59; Colmenares, 807 F.2d at _______________ __________ 1108. Rather the court may, indeed must, give due consideration to factors such as the substantive merits of the amendment, the need to prevent undue delay, bad faith, and prejudice to the opposing party. Foman v. Davis, 371 _____ _____ U.S. 178, 182 (1962). We see no abuse here. The magistrate found that while the amendments might not be substantively futile, on balance leave to amend should be denied because, The delay exercised by plaintiff is significant, as he filed the motion after defendants filed their motion for summary judgment. Plaintiff was aware of the factual allegations underlying these claims -4- when the original complaint was filed. Furthermore, this case is ready for trial. Allowing leave to amend to add new legal theories at this time would likely require the retaking of several depositions and other discovery delays. Order at 3-4 (Feb. 18, 1994). The district court affirmed the magistrate's decision. While plaintiff correctly points out that when he filed his motion to amend, the discovery closing date was actually several weeks away,1 we find no fault with the balance struck by the magistrate. The amendment offered substantially different legal theories and raised new factual issues at a time when defendants had already finished their own pretrial preparation. Plaintiff had delayed in filing the amendment for almost two months after the pretrial conference at which the substance of defendant's objections had been aired. In the meantime, defendants had prepared for summary judgment, and possibly a trial, on the basis of plaintiff's initial theories. Plaintiff's explanation for his delay was that he had misplaced his previous attorney's notes. Though we do not gainsay the magistrate's finding of no bad faith, nevertheless plaintiff knew the basis for the claims from the outset, and had already pleaded two of them in a state civil ____________________ 1. There was still pending a motion by plaintiff to compel discovery. The magistrate was also mistaken about the retaking of depositions, since apparently neither party had __ noticed any depositions. This too, is of marginal import, the material point being that the amendment raised new issues that would have required additional discovery, including depositions. -5- suit which he was simultaneously pursuing. A perusal of plaintiff's various filings shows too, that despite his pro ___ se status, he is adept at pleading and motion practice. __ Finding no abuse of discretion in the lower court's determination that it would have been unjust to belatedly burden the defendants with new discovery and delay, the judgment below is affirmed. _________ -6-